UNITED STATES, Appellant

v.

CLARENCE E. TEEL, Private E-2, U. S. Army, Appellee

4 USCMA 39, 15 CMR 39

No. 3948

Decided March 19, 1954

LT COL William R. Ward, U. S. Army, and MAJ Irvin M. Kent, U. S. Army, for Appellant.

LT COL George M. Thorpe, U. S. Army, and 1ST LT Ronald C. Meteiver, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

This case is before us by way of certificate from The Judge Advocate General, United States Army, and has to do with the general problem dealt with by this Court in United States v. Marsh, 3 USCMA 48, 11 CMR 48, and United States v. Keith, 3 USCMA 579, 13 CMR 135. See also United States v. Gordon, 1 USCMA 255, 2 CMR 161; United States v. Jewson, 1 USCMA 652, 5 CMR 80; United States v. Grow, 3 USCMA 77, 11 CMR 77.

The accused, Teel, was tried by a general court-martial sitting at Camp Rucker, Alabama, under specifications alleging desertion with intent to shirk important service on December 22, 1952, and desertion with intent to remain absent permanently on January 12, 1953, in violation of the Uniform Code of Military Justice, Article 85, 50 USC § 679, as well as failure to obey a lawful order, in violation of the Code, supra, Article 92, 50 USC § 686.

He was found guilty as charged and sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for two years. The convening authority approved the findings and sentence, but a board of review—one

member dissenting—held "the proceedings, findings and sentence invalid and the same are hereby declared void."

## II

The single issue involved in the instant case may be posed through a recital of the following facts. Prosecution Exhibit 4 disclosed that the accused was directed by Letter Orders No. 12, Headquarters Camp Rucker, Alabama, dated January 7, 1953, to report to the Commanding Officer, 6217th Area Service Unit, Fort Lawton, Washington, not later than January 12, 1953. The Letter Orders contained a statement, signed by the accused, asserting that "I have read and fully understand the above order and realize that failure to comply with same will make me liable for trial by Courts-Martial." This document bore the command line, "By Command of Major General Dulaney," and was signed by an assistant adjutant. It was with this directive that the court-martial was concerned under the specification of Charge II. Competent evidence established its violation—in fact the elements of all offenses charged. The accused was tried by a court-martial convened by direction of General R. L. Dulaney, Post Commander, Camp Rucker, Alabama.

The sole question certified to this Court by The Judge Advocate General was put as follows: "Was the board of review correct in holding that the convening authority was an accuser in this case?" This question we answer in the negative.

## III

There appears to be no doubt—or controversy—in the instant case, that the Letter Orders under scrutiny emanated from General Dulaney rather than from the assistant adjutant who signed them. "Undoubtedly, under a proper factual situation an intermediate may, by placing his authority behind the order, become the one whose order is violated. But to do this, the intermediate officer must have the authority to issue such an order in his own name and it must be issued as his, not as the representative of the superior." United States v. Marsh, supra. Thus, the instant case must fall either within the principle of United States v. Marsh, supra, or within that enunciated by us in United States v. Keith, supra—and in falling will be resolved.

The decision in Marsh was not predicated on the directive contained in certain travel orders given the accused there—for these are formal in character and designed primarily to accomplish the movement of one or more individuals. However, in that case there are to be found additional Letter Orders, present neither in Keith nor in the case at bar, denominated a "direct order," and designed to accomplish nothing more nor less than to place the prestige of the officer issuing the directive behind the routine Special Orders directing travel, and thus to compel adherence to the latter. Under those circumstances we stated, "It is clear from the facts in this record that the accused violated a direct order of General Hodge and that the latter had a personal interest in seeing his orders were obeyed." It was the introduction of a *personal*, as distinguished from a formal or official interest, which required reversal there. An accuser, of course, may not lawfully convene a court to try one accused by him. Uniform Code, supra, Articles 1(11) and 22(b), 50 USC §§ 551 and 586.

In United States v. Keith, however, only one directive was involved—that embraced in routine travel orders—and Marsh was distinguished. In the first-named case we noted the significant fact that the Letter Orders in Marsh, denominated a "direct order," permitted prosecution under the Code's Article 90 (50 USC § 684) for willful disobedience. Of course, that offense connotes an intentional defiance of authority and necessarily an affront to the power and prestige of the source of the order. United States v. Buckmiller, 1 USCMA 504, 4 CMR 96. "In the instant case," we said in Keith, "no attempt was made to increase the punishment by issuing an unnecessary and unneeded direct order."

The accused here received mere Letter Orders, minimal in scope, and designed exclusively to accomplish his movement

to another station. Thus, the instant case is squarely within the principle of United States v. Keith, supra. We must hold, therefore, that "the commanding general had only an official interest in the prosecution." Accordingly, the decision of the board of review is reversed and the record is remanded to The Judge Advocate General, United States Army, for action not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.