UNITED STATES, Appellant

v.

JOHN BERNARD NOONAN, Jr., Fireman Recruit,
U. S. Navy, Appellee

4 USCMA 297, 15 CMR 297

CDR Thomas E. Blade, USN, for Appellant.
LCDR Benjamin H. Berry, USN, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by a general court-martial of two specifications of desertion in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679, and one specification of failing to obey a lawful order in violation of Article 92, 50 USC § 686. However, a divided board of review set aside the conviction on the ground that the convening authority was an accuser. The Navy Judge Advocate General has asked this Court to review the correctness of that ruling.

The board of review apparently based its decision on its interpretation of our holding in United States v. Marsh, 3 USCMA 48, 11 CMR 48. After the board of review had acted, our opinion in United States v. Keith, 3 USCMA 579, 13 CMR 135, was published. The facts in the Keith case were distinguished from those in Marsh, and it was held that the issuance by the convening authority of the order, which was the basis of one of the charges against the accused, did not make him an accuser within the meaning of the Uniform Code. It is urged by the Government that the facts of this case are more nearly like those in Keith than those in Marsh, and, hence, a similar conclusion is required.

On May 9, 1953, the accused was granted a two-day liberty from his ship. He left the ship which was then at Bayonne, New Jersey, and hitchhiked to his home in the upper part of the State of New York. He did not return at the expiration of his liberty. Instead, on June 23, 1953, he was taken into custody by state troopers. That afternoon, he was turned over to the U. S. Naval Reserve Training Center, Utica, New York. The next day, the Commandant, Third Naval District, with headquarters in New York City, issued the following order:

"COMMANDANT THIRD NAVAL DISTRICT
FEDERAL OFFICE BUILDING
90 CHURCH STREET
NEW YORK 7, N. Y.

ND3/P16–3/MM
(DHq–112a–Po)
24 June 1953

From: Commandant, Third Naval District

To: Noonan, John B., Jr., 461 63 35, FA, USN

Via: Commanding Officer, U. S. Naval Training Center, Utica, New York

Subj: Technical Arrest Orders

Ref: (a) BuPers C/L 103–52

1. Upon receipt of these orders and when directed by proper authority you will proceed and report to the Commanding Officer, U. S. Naval Receiving Station, Brooklyn, New York for disposition in accordance with reference (a). You will report to the Commanding Officer, U. S. Naval Receiving Station, Brooklyn, New York not later than 2100        26 June 1953.
(time)            (date)

2. Transportation from Utica, New York to New York is furnished you herewith subject to checkage against your account. Travel under these orders is chargeable to Appropriation NPN, Allotment No. 30600. Expenditure Account 74130, Object Class 029.

3. Your skeleton records and a copy of these orders will be mailed to the Commanding Officer, U. S. Naval Receiving Station, Brooklyn, New York.

4. You are being transferred in a disciplinary status, in your own custody. Failure to comply with these orders will render you liable to being charged with

a further unauthorized absence and such other charges, if any, as the circumstances may warrant.

/s/ C. W. D. Gayley,
By direction

COPY TO: BUPERS
CO RESTA BKLYN NY
CO WASP (CVA 18)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

I hereby acknowledge receipt of the above orders. I have read the contents and understand that failure to comply with these orders will render me liable to being charged with a further unauthorized absence and such other charges, if any, as the circumstances may warrant.

/s/ John B. Noonan, Jr."

According to the accused's testimony, after he received the order, he boarded a train for New York. However, when the train passed through his home town, he "just got off." On July 26, 1953, he was again taken into custody by the civilian police and delivered to the Naval authorities. Eventually, the Commandant, Third Naval District, referred the charges to trial.

An analysis of the contents of the order and the circumstances under which it was given make it evident that the convening authority's interest in the enforcement of the order was formal and official only. Here as in United States v. Keith, supra, the order is essentially a routine travel order directing the accused to proceed to a certain station. Neither directly, nor by reasonable implication, did the Commandant purport to place on it the stamp of his personal authority and prestige. On the contrary, the express reference to Circular Letter 103–52 of the Bureau of Personnel, as authority for its issuance, emphasizes the character of the order as formal and official. It is not described as a "Direct Order," as was the order in United States v. Marsh, supra, and it is not the product of a separate arrangement to impress upon an absentee, that failure to report, as ordered, may result in a long period of confinement. In short, there was no "personalized status" either in the issuance, or in the enforcement, of the order. United States v. Keith, supra, page 582. Patently, the interest of the convening authority in this case was formal and official only. United States v. Teel, 4 USCMA 39, 15 CMR 39.

The decision of the board of review is reversed. The case is returned to The Judge Advocate General of the Navy for action not inconsistent with this opinion.

Judges LATIMER and BROSMAN concur.