## UNITED STATES

### v.

**Airman First Class Scot J. ORSIC, FR 351–46–3545 United States Air Force.**

### ACM S24764.

U. S. Air Force Court of Military Review.

Sentence adjudged 2 April 1979.

Decided 28 Dec. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel James P. Porter.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

MILES, Judge:

Consistent with his pleas, accused was convicted of possession of marijuana and failure to obey an order of the Myrtle Beach Air Force Base Commander not to drive on base, in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 892. His sentence of bad conduct discharge was suspended by the reviewing authority.

We have considered accused's assignments of error in his request for appellate defense counsel and find them to be with-

out merit. However, another matter discovered in our review of the record warrants comment.

The officer whose order was violated, the Commander, 354th Combat Support Group, also convened the court-martial which tried the accused, and took action on the record of trial approving the findings and sentence.[1]

It is a fundamental principle of military law that the convening authority of a court-martial cannot be an accuser. An accuser is a person who signs and swears to charges, directs charges be brought, or has an interest other than official in the prosecution of the accused. Articles 1(9) and 22(b), Code, 10 U.S.C. §§ 801(9), 822(b), *supra*; paragraph 5, Manual for Courts-Martial, 1969 (Rev.); *United States v. Bloomer,* 21 U.S.C.M.A. 28, 44 C.M.R. 82 (1971); *United States v. Gordon,* 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952). As the United States Court of Military Appeals noted in *Gordon, supra,* at 261,

[A]s we view it, the test should be whether the appointing authority was so closely connected to the offense that a reasonable person would conclude that he had a personal interest in the matter. We cannot peer into the mind of a convening authority to determine his mental condition, but we can determine from the facts whether there is a reasonable probability that his being the victim of an offense tended to influence a delicate selection.

The fact that an order was signed by another officer for the commander does not alter the fact that it was the superior's order that was violated. *United States v. Marsh,* 3 U.S.C.M.A. 48, 11 C.M.R. 48 (1953). Winthrop's Military Law and Precedents, 2nd ed, 1920 Reprint at 574. A personal interest was found evident in *Marsh,* which involved willful disobedience of an order.

---

1. The order suspending the accused's driving privileges was signed by the Chief of Security Police for the Commander, 354th Combat Support Group on 25 January 1979, but the name of the commander was not disclosed. The subsequent order appointing the Court and the action on the record of trial were both signed by Colonel Joseph R. Nevers, Commander, 354th Combat Support Group. We assume for purposes of discussion that Colonel Nevers was also in command on 25 January as the suspension was imposed less than six weeks prior to the order convening the court.

"Military discipline and order is based upon obedience to superiors and every commander jealously, but rightly, requires compliance and frowns on disobedience." *Marsh, supra,* at 52, *United States v. Kostes,* 38 C.M.R. 512 (A.B.R.1967) and *United States v. O'Keefe,* 11 C.M.R. 887 (A.F.B.R.1953). However, failure to obey administrative orders or situations not involving willful rejections of direct personal orders have been held not to involve personal interest so as to make the convening authority the accuser. *United States v. Doyle,* 9 U.S.C.M.A. 302, 26 C.M.R. 82 (1958); *United States v. Teel,* 4 U.S.C.M.A. 39, 15 C.M.R. 39 (1954); *United States v. Keith,* 3 U.S.C.M.A. 579, 13 C.M.R. 135 (1953); *United States v. Deford,* 49 C.M.R. 120 (N.C.M.R.1974), and *United States v. Arms,* 42 C.M.R. 607 (A.C.M.R. 1970).

■ In the case at bar, the facts and circumstances of the base commander's involvement were not disclosed. No issue was raised that he was, in fact, the accuser, and no argument was made that he had any personal interest in the matter. While properly charged as failure to obey an order, the gravamen of the offense was driving on base in violation of an Air Force Regulation while his license was suspended. *United States v. Arms, supra.* Under these circumstances, we can not presume a disqualifying personal interest.[2] On the basis of the entire record, the findings of guilty and sentence are

AFFIRMED.

---

2. Under different facts, such as where the base commander personally issued the order in the presence of an accused, a different decision could result.