## UNITED STATES

### v.

**Airman First Class Kenneth J. TRAHAN, Fr. 464–23–2799 United States Air Force.**

### ACM S24973.

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 March 1980.

Decided 15 April 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before EARLY, KASTL and MILES, Appellate Military Judges.

## DECISION

### PER CURIAM:

Consistent with his pleas, the accused was convicted of willful disobedience and failure to obey the base commander's order not to drive on base, violations of Articles 90 and 92, Uniform Code of Military Justice 10 U.S.C. §§ 890 and 892.[1] The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months,[2] forfeiture of $100 per month for five months and reduction to airman basic.

■ The base commander, whose written order directed to the accused was disobeyed, also convened the court which tried the case and later approved the findings and sentence. At trial, the defense counsel moved to dismiss the charges asserting that this commander was an accuser in the case and could not refer the case to trial. We agree and hold the military judge erred under the facts of this case in denying that motion.

■ It is a longstanding principle of military law that the convening authority of a general or special court-martial cannot be an accuser in that case. Articles 1(9), 22(b), 23(b), Code, 10 U.S.C. §§ 809(9), 822(b), 823(b), *supra*; Paragraph 5, Manual for Courts-Martial, 1969 (Rev.); *United States v. Bloomer*, 21 U.S.C.M.A. 28, 44 C.M.R. 82 (1971); *United States v. Gordon*, 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952). Cf. Winthrop's Military Law and Precedents, 2nd ed., 1920 Reprint at 60, 483. "[T]he test should be whether the appointing authority was so closely connected to the of-

---

1. He was originally charged with two specifications of willful disobedience. Following pleas, however, one specification was amended to allege failure to obey to conform the offenses charged with his pleas.

2. The service of the sentence to confinement at hard labor was deferred on the date of trial until such time as the sentence is ordered into execution.

3. In *Marsh*, the accused was given a letter order directing him to proceed to Fort L. The order was signed by Captain S, confinement officer, for Lieutenant General H. Nonetheless, the Court of Military Appeals noted that "[t]he whole pattern of the procedure was predicated on the theory that the Commanding General

---

fense that a reasonable person would conclude that he had a personal interest in the matter." *United States v. Gordon, supra*, at 261. Article 1(9), Code, *supra*.

A personal interest is evident when the offense charged is willful disobedience of an order. *United States v. Marsh*,[3] 3 U.S.C. M.A. 48, 11 C.M.R. 48 (1953); *United States v. Kostes*, 38 C.M.R. 512 (A.B.R.1967); *United States v. O'Keefe*, 11 C.M.R. 887 (A.F.B.R.1953). As the United States Court of Military Appeals declared:

Military discipline and order is based on obedience to superiors and every commander jealously, but rightly requires compliance and frowns on disobedience. For that and other reasons we cannot say that a superior officer would be entirely impartial in selecting a court to try a given case where the accused was charged with willful disobedience of [his] order.

*United States v. Marsh, supra*, at 52.

In the case at bar, the order was a personal order of a superior officer to a subordinate—not a general order applicable to several persons. *United States v. Doyle*, 9 U.S.C.M.A. 302, 26 C.M.R. 82 (1958). Moreover, the accused was charged and convicted of willful disobedience, not simply failure to obey. *United States v. Teel*, 4 U.S.C. M.A. 39, 15 C.M.R. 39 (1954); *United States v. Orsic*, 8 M.J. 657 (A.F.C.M.R.1979), *pet. denied*, 9 M.J. 13 (C.M.A.1980);[4] *United States v. Arms*, 42 C.M.R. 607 (A.C.M.R. 1970).

---

was issuing the order...." *United States v. Marsh*, 3 U.S.C.M.A. 48, 51; 11 C.M.R. 48 (1953). Accordingly, all charges were dismissed as the defect is *jurisdictional. United States v. Marsh, supra*. It is not waived by a plea of guilty. *United States v. Kostes*, 38 C.M.R. 512 (A.B.R.1967); *United States v. O'Keefe*, 11 C.M.R. 887 (A.F.B.R.1953).

4. Our holding in this case was clearly foreseeable by *United States v. Orsic*, 8 M.J. 657 (A.F.C. M.R.1979), *pet. denied*, 9 M.J. 13 (C.M.A.1980). However, in that case the issue was not raised at trial and we affirmed the conviction because a charge of willful disobedience was not involved.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing is ordered.