# UNITED STATES

v.

## Master Sergeant Richard L. MONTGOMERY, FR 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 United States Air Force.

### ACM 23158.

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 April 1981.

Decided 12 Nov. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

PER CURIAM:

Consistent with his pleas, the accused was convicted of committing an indecent act upon a female under the age of sixteen in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. As the result of a pretrial agreement, the approved sentence extends to eighteen months confinement at hard labor and reduction to E–5.

Having successfully arranged a negotiated plea which sharply limits the maximum punishment in the event of a new trial, the accused now contends his plea was improvident because during the *Care* * inquiry he never agreed that his fondling of a 9 year girl's genital area was with the intent to gratify sexual desires.

The transcript discloses the following exchange concerning the accused's intent.

MJ: At the time you touched her private parts, what was the intent in your mind? Why did you do that?

ACC: There is no other reasonable inference, your Honor, but that it was with intent to gratify sexual desires.

MJ: Do you believe that to be true?

ACC: Yes, your Honor.

In a post trial affidavit the accused recanted his admission that the touching was with intent to gratify sexual desires. He now maintains that his mental state at trial was such that he could not "...unequivocally plead guilty to one element of my offense, that element being the intent to gratify sexual desires." He contends he "...was functioning with the mental and moral capacity approximating that of an eight year old, and that my intent was to gratify the curiosity of this eight year old's mental state." He dismisses his answer to the military judge as his belief that "...the inference was reasonable" and not that he had the requisite intent.

It has been more than twelve years since Marine Private Care, in a post trial affidavit, following a guilty plea to desertion, denied any intent to remain away permanently. To avoid a "blizzard of affidavits", the Court of Military Appeals mandated in *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.A.1969) that a military judge would make an extensive inquiry into the circumstances of each offense "... toward the objective of having court-martial records reflect fully an awareness by an accused pleading guilty of what he is admitting that he did and intended and of the law that applies to his acts and intentions." As Chief Judge Fletcher stated in *United States v. Lanzer*, 3 M.J. 60 (C.M.A.1977) "the requirements of *Care* are twofold: the first is a judicial determination of the providence of the plea; and the second is a total transcript of the plea inquiry for the purpose of review." This was done here.

Courts have always looked with skepticism upon post trial attempts to explain or recant testimony given at trial. *See United States v. Murphy*, 15 C.M.R. 448 (A.B.R.1954). Here the reason is obvious for the accused has everything to gain and nothing to lose. In the case, *sub judice*, we are more impressed by the plain language

---

* *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (C.M.R.1969).

of the record than by a later semantic exercise seeking to contradict it. The phrase "intent to gratify his sexual desires" was fully explained to the accused, and he was given an opportunity for further explanations if he wanted them; he did not, and indicated he fully understood the meaning of the phrase.

The factual information elicited during the *Care* inquiry supported the accused's plea. He admitted pulling the child's underpants down and fondling her genitalia. As an Army Board of Review observed in *United States v. Paulding*, 24 C.M.R. 489, (A.B.R.1957), "the intent to gratify . . . is inherent in the acts themselves." At trial the accused never disavowed any essential element of the offense, and no inconsistent matter was raised during the inquiry. *United States v. King*, 6 M.J. 927 (A.F.C.M. R.1979). The plea was provident.

We have considered the remaining assignments of error and have resolved them adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

# UNITED STATES

v.

**Airman Basic Byron N. BUSH, FR 265–29–2718 United States Air Force.**

**ACM S25284.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 April 1981.

Decided 13 Nov. 1981.