UNITED STATES, Appellee,

v.

Mess Management Specialist Seaman Recruit Reese P. CORCORAN, U.S. Navy, Appellant.

No. 44,138.

NMCM 82 0042.

U.S. Court of Military Appeals.

Jan. 16, 1984.

For Appellant: *Lieutenant Commander William A. DeCicco,* JAGC, USN, and *Lieutenant Louis F. Sadler,* JAGC, USNR (on brief).

For Appellee: *Commander W.J. Hughes,* JAGC, USN, and *Lieutenant Commander W.A. Dorsey,* JAGC, USNR (on brief).

*Opinion of the Court*

FLETCHER, Judge:

Appellant was tried by a special court-martial * military judge sitting alone, of various offenses, including willful disobedience of a superior commissioned officer. We granted review of the following issues:

I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY RE-

---

* On May 12, 1981, appellant, pursuant to his pleas of guilty, was convicted of one specification of failure to go, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. Contrary to his pleas, appellant was convicted of willfully disobeying a lawful order of a superior commissioned officer and of assaulting a superior petty officer in the execution of his office, in violation of Articles 90 and 91, UCMJ, 10 U.S.C. §§ 890 and 891, respectively. A charge of wrongful communication of a threat, in violation of Article 134, UCMJ, 10

U.S.C. § 934, was dismissed at trial by the military judge upon motion of the defense for a finding of not guilty. Appellant was sentenced to 80 days' confinement at hard labor, forfeiture of $330.00 pay per month for 5 months, and discharge from the naval service with a bad-conduct discharge. The convening authority and the supervisory authority approved the sentence. The United States Navy-Marine Corps Court of Military Review, with Senior Judge Baum dissenting on the issues before us, affirmed the approved findings and sentence.

VIEW ERRED BY CONCLUDING THAT THE CONVENING AUTHORITY WAS NOT AN ACCUSER AND THEREFORE NOT DISQUALIFIED TO CONVENE THE COURT–MARTIAL?

II

WHETHER, BECAUSE OF HIS PERSONAL INTEREST IN THE OUTCOME OF THE CASE, THE CONVENING AUTHORITY, OR A SUBORDINATE IN HIS COMMAND, WAS DISQUALIFIED FROM TAKING POST–TRIAL ACTION?

After application of well-established law to the facts in this case, we conclude that these issues must be answered in the affirmative and the decision of the lower court summarily reversed.

We turn briefly to the pertinent facts. When Lieutenant (junior grade) Sherbanee, the department head, received a report that appellant was missing from morning quarters, he proceeded to appellant's quarters where he found appellant asleep with half a bottle of liquor next to him. Sherbanee reported this information to the Captain of the ship, Commander R.F. Grant, who subsequently was the convening authority in this case. Commander Grant then held an extensive counseling session privately with appellant, after which he "suggested" to Sherbanee that Corcoran sweep the pier. The actual order to do so was conveyed, in fact, by Sherbanee and was the basis for one of the foregoing charges. Appellant began sweeping the pier under the supervision of various petty officers, an assignment normally requiring two or three hours. After thirty minutes appellant halted his work, entered the area of the officers' quarters and told Sherbanee that he wished to speak to the Captain. Sherbanee repeated his order that appellant sweep the pier, but Corcoran refused. Hearing the conversation, Commander Grant came out of his stateroom and told Sherbanee that he wanted the accused "written up for disobeying a lawful order." Action was taken on the case by Lieutenant Commander R.J. Tyler, Acting Commander.

■ It has been a cardinal principle from the early Articles of War to the present that an accuser may not appoint the court that tries an accused. *See United States v. Crossley,* 10 M.J. 376 (C.M.A.1981); *United States v. Gordon,* 1 U.S.C.M.A. 255, 2 C.M.R. 161 (1952). Article 23(b), Uniform Code of Military Justice, 10 U.S.C. § 823(b), provides that "if any ... [commanding] officer is an accuser, the court shall be convened by superior competent authority." "Accuser" is defined by Article 1(9), UCMJ, 10 U.S.C. § 801(9), as "a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn to by another, and any other person who has an interest other than an official interest in the prosecution of the accused."

■ Here, there is a strong indication that the commander was an accuser within the meaning of Articles 23(b) and 1(9). Not only did he direct Lieutenant Sherbanee to write up appellant for disobeying a direct order, but, furthermore, it was he who initially suggested that the order be issued. Thus, in these parallel ways the commander was an accuser: first by being a "person who direct[ed] that charges nominally be signed and sworn to by another," and, second, by having "an interest other than an official interest in the prosecution of the accused." With respect to the latter way the commander was an "accuser," it must be noted that appellant was originally charged with making a threat to this same officer, but this charge was withdrawn prior to trial. In this atmosphere we can only conclude that this case demonstrates "a reasonable probability that this convening authority was personally interested in the outcome of the litigation." *United States v. Crossley, supra* at 378–79. Unlike *United States v. Conn,* 6 M.J. 351 (C.M.A.1979), here the convening authority did not testify at trial to support the conclusion that his actions were official rather than personal in nature. Moreover, the facts strongly suggest the opposite to be the case.

■ We also conclude that when a convening authority is an accuser in a case, his

subordinate is disqualified from post-trial action. *See* Article 23(b). In *United States v. LaGrange,* 1 U.S.C.M.A. 342, 345, 3 C.M.R. 76, 79 (1952), the Court stated:

> The personal interest of the accuser . . . disquali[fies] him from participating in the proceedings in any way. It was, therefore, necessary to provide a procedure whereby the accused could be brought to trial in an atmosphere free from coercion by one who could, directly or indirectly, influence the court. This atmosphere requires that the officer who convenes the court and reviews the sentence shall himself be free from any influence from the accuser.

For these reasons the court was improperly convened in the first instance and the record was also improperly reviewed.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed. The findings and sentence are set aside. The charges are dismissed.

Chief Judge EVERETT and Judge COOK concur.