UNITED STATES

v.

Technical Sergeant Paul S. RIDLEY, FR 229–76–2543, United States Air Force.

ACM S26246.

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 Aug. 1983.

Decided 1 Aug. 1984.

Appellate Counsel for the Accused: Mr. Daniel M. Schember, Washington, D.C. 20036 and Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

DECISION

CANELLOS, Judge:

Tried by a military judge, sitting alone, the accused was convicted, in accordance with his pleas, of wrongful use and possession of marihuana, and of soliciting another to commit the offense of wrongful distribution of marihuana, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months and reduction to sergeant.

Appellate defense counsel assign several errors for our consideration, only one of which we need decide to resolve this case. They contend for the first time on appeal that the special court-martial did not have jurisdiction to try the accused. We agree.

The accused's commander, Colonel James E. Baker, was the accuser in this case, and preferred the charges. The special court-martial convening authority, Colonel Edward R. Maney, was junior in rank to the accuser. Colonel Baker was the commander of a tenant organization on the installation, and was therefore not in the normal chain of command of the convening authority. Since the convening authority was junior in rank to the accuser, appellate defense counsel contend that the court-martial lacked jurisdiction to try the accused. Although the issue of jurisdiction was not raised earlier in the proceeding, such issue is not waived by failure to raise it at trial. M.C.M., 1969 (Rev.), para. 68b.

Article 23(a), U.C.M.J., 10 U.S.C. § 823(a), lists those officers who may convene a special court-martial. Article 23(b), U.C.M.J., provides that "if any such officer is an accuser, the court shall be convened by a superior competent authority...."

The statutory language contained in Article 23(b), U.C.M.J., has been construed by the U.S. Court of Military Appeals. The Court noted that:

Congress in unambiguous language made it an offense for a convening authority to influence in any way the court-martial in its deliberations, thus clearly indicating its views on one of the vices it intended to eliminate. If, as we stated in the Gordon case, supra, Congress intended to narrow the commander's influence on the court, by insulating the members from any type of control by his direction or by his moral suasion or persuasion, we would remove part of this insulation by a construction which would permit an officer junior in rank or command to the accuser to appoint the court and review the sentence. Such a construction would not cure the evil, it might have a tendency to revive it and bring about undesirable results.

*United States v. LaGrange*, 1 U.S.C.M.A. 342, 345, 3 C.M.R. 76, 79 (1952).

The interpretation enunciated by the Court of Military Appeals in *LaGrange* had been consistently followed by this Court until the case of *United States v. Bloss*, 11 M.J. 641 (A.F.C.M.R.1981). *See United States v. Burnette*, 5 C.M.R. 522 (A.F.B.R. 1952); *United States v. Navarro*, 20 C.M.R. 778 (A.F.B.R.1955); *United States v. Avery*, 30 C.M.R. 885 (A.F.B.R.1960). In the apparent belief that these prior cases may have cut too deeply in their attempt to avoid the appearance of command influence in the convening of courts-martial, this Court attempted to limit the application of the *LaGrange* rule to those cases in which the accuser actually exercised the power to convene courts-martial. *United States v. Bloss, supra.*

In *Bloss*, as in this case, the accuser did not actively exercise the powers of a convening authority. Instead, such power was vested in the host base commander by virtue of a Host-Tenant Support Agreement.[1] Arguing that the accuser was, therefore, not "any such officer" who could convene a special court-martial, the author in *Bloss* ruled that the convening authority need not be "superior" in rank or command to the accuser.

While this may be one permissible grammatical analysis of Article 23(b), U.C.M.J., it does not give adequate effect to the intent of Congress as ascertained by the Court of Military Appeals in *LaGrange*. This Court had also previously disapproved such a restrictive reading of Article 23 in *United States v. Burnette, supra.*

A statute which is susceptible to either of two opposed interpretations must be read in the manner which effectuates rather than frustrates the purpose of the legislative draftsmen. *Shapiro v. United States*, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948). Also, regulations and statutes should be construed with reference to their manifest object, and if the language is susceptible of two constructions, one of which will carry out and the other defeat that object, they should receive the former construction. *United States v. LaGrange, supra.*

Whether or not the accuser actually exercised the authority to convene courts-martial, undivested by the effect of a Host-Tenant agreement, has no relation to whether that officer would have the ability to influence the actions of the convening authority. Mere superiority in rank was found by the Court of Military Appeals to be a possible source of command influence over the convening authority. *United States v. LaGrange, supra.* The Court said:

[T]he officer who convenes the court and reviews the sentence shall himself be free from any influence from the accuser. To now construe the provision [Article 23(b) ] to permit an authority junior to the accuser, and in some instances one

---

1. A.F.R. 11–4, Host-Tenant Support Responsibil-   ities of U.S.A.F. Organizations (16 March 1981).

who could be under his command, to convene a court would ignore the lessons learned over the years....

*United States v. LaGrange, supra,* at 79.

To qualify the language of Article 23(b), U.C.M.J., to apply only when the accuser exercises the authority to convene courts-martial would seriously undercut the rationale enunciated in the *LaGrange* opinion. Consequently, we are constrained to refuse to follow our decision in *Bloss.*[2]

Since the convening authority in this case was not superior in rank or command to the accuser, the court-martial lacked jurisdiction to try the accused. We find, therefore, that the proceedings, findings and sentence are void.

Accordingly, the findings and sentence are set aside. A rehearing may be ordered by an appropriate convening authority. If the convening authority determines a rehearing to be impracticable, he may dismiss the charge. M.C.M., 1969 (Rev.), para. 92.

RAICHLE, Senior Judge, concurs.

CARPARELLI, Judge (dissenting):

Article 23(b) states, "If any such officer [referring to the list of eligible convening authorities in paragraph (a) of the Article] is an accuser, the court shall be convened by superior competent authority, and may in any case be convened by such authority if considered advisable by him." This language does not suggest that Congress was attempting to insulate an accused from the influence of *all* accusers who outrank the convening authority. Clearly, however, the language does insure that an accused's case will not be convened by his accuser and that when his accuser would normally serve as convening authority in the case, the accused will be provided unique insula-

tion from the potential indirect influence of that individual.

The essential holding in *United States v. LaGrange,* 1 U.S.C.M.A. 342, 3 C.M.R. 76 (1952), is neither inconsistent with the decision in *United States v. Bloss,* 11 M.J. 641 (A.F.C.M.R.1981), nor does it compel the decision reached by the majority in this case. The Court in *LaGrange* was not confronted with facts which required them to answer the question of whether Article 23(b), Uniform Code of Military Justice, applied to an officer who despite his statutory eligibility to be a convening authority, had, as a result of an Air Force directive, no authority to convene courts-martial. In fact, the Court quoted paragraph 5a(3), Manual for Courts-Martial, 1951, as follows:

"It is unlawful for an accuser to convene a general court-martial for the trial of the person so accused. When any commander *who would normally convene* the general court-martial is the accuser in a case, he shall refer the charges to a superior competent authority who will convene the court or designate another competent convening authority to exercise jurisdiction." (Emphasis added. Italics in the Court's opinion have been deleted.)

*United States v. LaGrange,* 3 C.M.R. at 77.* Referring to the above quoted paragraph, the Court stated that "the only real difference between the Article of the Code and the paragraph of the Manual" pertained to the substitution of the phrase "another competent convening authority" for the phrase "superior competent convening authority." *LaGrange,* 3 C.M.R. at 78. It thus appears that the decision in *LaGrange* only pertained to a commander who would normally convene the case.

---

**2.** M.C.M., 1984, R.C.M. 504(c)(2) would totally eliminate any confusion in this regard by prohibiting a convening authority who is not senior in rank or in command to the accuser from convening the court-martial. Although the Manual will take effect on 1 August 1984, it is of note that *Bloss* is not cited in Appendix 21, Analysis, R.C.M. 504(c), M.C.M., 1984, leading to

the conclusion that it has been effectively overruled.

* The Court noted that this same language was made applicable to special courts-martial by paragraph 5b(2), M.C.M., 1951. Paragraphs 5a(3) and 5a(2) of the 1969 Manual are substantially the same as they were in the 1951 Manual.

I perceive no clear legislative intent to specially insulate an accused from the possible influence of all officers who hold command positions or from his own commanding officer unless such person is both the accuser and has the authority to refer the charges for trial. Absent more evident legislative intent to the contrary, this court should follow its own precedent on this issue in *United States v. Bloss, supra.*

The fact that the impending Rule for Courts-Martial 504(c)(2), Manual for Courts-Martial, 1984, would lead to the same result as the majority opinion and also insulate the accused from the influence of all accusers who outrank the convening authority does not persuade me that such insulation is required by Article 23(b) itself.

Having resolved the other assignments of error adverse to the accused, I would affirm.