**UNITED STATES**

v.

**Technical Sergeant Paul S. RIDLEY, FR 229–76–2543, United States Air Force.**

**ACM S26246 (f rev).**

U.S. Air Force Court of Military Review.

21 May 1986.

Appellate Counsel for the Accused: Mr. Daniel M. Schember, Washington, D.C. 20036. Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Marc Van Nuys.

Before HODGSON, FORAY and MICHALSKI Appellate Military Judges.

DECISION UPON FURTHER REVIEW

PER CURIAM:

After our original decision in this case, *United States v. Ridley*, 18 M.J. 806 (A.F. C.M.R.1984), set aside the appellant's conviction because of a jurisdictional flaw, i.e., the accuser outranked the convening authority, The Judge Advocate General of the Air Force filed a certificate of review with the United States Court of Military Appeals who determined that although the convening authority was disqualified to convene the appellant's trial, such disqualification was not jurisdictional. *United States v. Ridley*, 22 M.J. 43 (C.M.A.1986). Accordingly, the record of trial was returned to us for consideration of the remaining assigned errors.

The appellant pled guilty to three allegations of drug abuse involving marijuana. During the *Care*[1] inquiry regarding Specification 3 of the Charge, i.e., wrongfully soliciting another to distribute contraband, the appellant stated he was approached by a friend, who was also a government informant, and asked where marijuana could be obtained. The appellant gave the "friend" the name of a supposed supplier and introduced them. He then asked the supplier if he could get some marijuana for his "friend." The appellant admitted that the purpose of the introduction was to aid his "friend" in obtaining marijuana. The appellant's pretrial statement and a stipulation of fact to which he agreed both related this sequence of events.

Appellate defense counsel contend their client was denied effective trial representation on this allegation. They argue the trial defense counsel should have raised the defense of entrapment since he was aware: (1) The offense was initiated by a government informant who exploited their friendship; (2) The "crime" lacked a profit motive and was accomplished solely as a favor to the informant; and (3) The appellant had no history of prior involvement in drug distribution. The basis for this claim of inadequate representation is a post-trial af-

fidavit from the appellant urging that he agreed to the informant's request for drug information only because "[he] couldn't think of any graceful way of refusing." He suggested that his identification of a potential drug supplier was just "a shot in the dark." He further asserted that his appointed defense counsel assured him that the situation was not "a big problem" and would probably entail "a fine and loss of a stripe." He also contended his counsel spent very little time with him discussing the "basic facts."

In contrast, the trial defense counsel, by affidavit, indicated he conferred with appellant at least six times prior to trial and none of the conferences were as short as "5 or 10 minutes" as the appellant maintained. He stated that all aspects of the appellant's case were discussed with him. Additionally, he interviewed the agent handling the case together with both the informant and the "supplier." He further stated that his investigation failed to raise any suggestion that entrapment was an issue.

■ The principles governing adequacy of representation in courts-martial are stated in *United States v. Jefferson*, 13 M.J. 1 (C.M.A.1982) and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relief on the grounds of inadequate representation of counsel requires both a breach of professional competence and a "reasonable probability" of prejudice in the outcome of the trial. *United States v. Davis*, 20 M.J. 1015 (A.C.M.R. 1985).

■ The appellant's testimony at trial is a telling rebuttal to his current assertion that he was entrapped into committing the offense. The fact that the government did not suspect him of distributing drugs when he was asked who could supply them is not an inducement to commit a crime. *United States v. Gonzalez-Dominicci*, 14 M.J. 426 (C.M.A.1983); *see United States v. Harms*, 14 M.J. 677 (A.F.C.M.R.1982). Based on the transcript and the affidavit submitted by his trial defense counsel, it appears to

1. *United States v. Care*, 18 U.S.C.M.A. 585, 50    C.M.R. 247 (1974).

us that the appellant's claim of inadequate representation is a belated attempt by him to blame his attorney for the results attending his own misconduct. We see no breach of professional competence here, but a diligent and honest effort to afford a client the proper level of representation. The claim of inadequate representation is without merit.

In a related assigned error the appellant argues that his guilty plea should be set aside since the trial judge failed to inquire into the possible defense of entrapment. We agree that where there is an indication that an affirmative defense is available, the judge should make the accused aware of its existence. However, in this case there was nothing before the judge that even suggested that entrapment was an issue. The appellant's own words during the *Care* inquiry negate the possibility that the defense of entrapment could be asserted. A trial judge is not required to question an appellant about a defense that is not in issue.

The appellant also contends that his guilty plea must be set aside since his post-trial affidavit establishes an entrapment defense and therefore is inconsistent with his guilty plea. The purpose of a *Care* inquiry is to avoid a "blizzard of affidavits" challenging the providency of a guilty plea. *United States v. Montgomery,* 12 M.J. 645 (A.F.C.M.R.1981). Therefore, an accused's post-trial affidavit will not be allowed to disturb a guilty plea that follows a providence inquiry that appears to be regular on its face. *United States v. Miles,* 12 M.J. 377 (C.M.A.1982); *United States v. Davenport,* 9 M.J. 364 (C.M.A. 1980).

For the reasons stated the findings of guilty and the sentence are

AFFIRMED.