**UNITED STATES**

v.

**Sergeant Gustave J. BURGE, FR 274–70– 9880, United States Air Force.**

**ACM 26108.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 May 1987.

Decided 29 Oct. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Captain Henry J. Schweiter and Major Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel William W. Choate, USAFR.

Before SESSOMS, MICHALSKI and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant pleaded guilty to larceny of currency in an amount of about $10,-880.00 and was found guilty in accordance with his plea. The military judge, sitting alone, sentenced him to a dishonorable discharge, confinement for two years, forfeiture of $100.00 per month for 24 months and reduction to airman basic, which sentence was approved by the convening authority. Based on our review of the providence inquiry we find it necessary to modify the findings and reassess the sentence.

The alleged larceny consisted of 67 separate withdrawals of funds from a credit union account over a period of just less than three months. The withdrawals were made through the use of an automatic teller card. Through the appellant's responses to the military judge it was apparent that a credit union employee had mistakenly issued him a card which provided direct access to the account of another. The appellant discovered this shortly after he began using the card.

The problem which arose during the providence inquiry related to the appellant's intent. When the appellant initially addressed this issue, he advised the military judge that he had been experiencing some financial problems at the time he commenced the wrongful withdrawals. The appellant stated, "I was planning on taking enough money to relieve my burden and then start putting the money back into the teller machine." Such an intent, of course, is consistent with wrongful appropriation of funds rather than with larceny. M.C.M., Pt. IV, paragraph 46c(2)(a) (1984). The military judge, undoubtedly noting this, subsequently returned to the issue of the appellant's intent. The appellant's responses at that point were to the effect that his intent changed at some undefined time during the period when he was withdrawing funds. When the military judge specifically inquired whether he initially intended to steal, the appellant replied:

Yes, Sir, at first, but I wasn't intending to steal the amount that's on the—I was just going to take enough to relieve the burden, and then and [sic] just leave it at that. Then after I started going through it again, I kept taking the money out, then I intended to pay it back.

When asked to clarify his intent, the appellant said essentially the same thing, "At first, well, like I said, it was the intent of larceny or theft, but later on I was, did intend to pay it back." When queried yet another time, the appellant explained as follows:

.... I was going to return some of it, but then I would have eventually returned it all. It was just, at first it was an intent to steal, but I don't know if I would have got it all paid back or I would have just got some of it put back.

The appellant's responses throughout the inquiry fell far short of acknowledging an intent to steal the total amount of funds alleged.

This brings us to what we view as a very important point raised by appellate government counsel. In arguing that the appellant's responses sufficiently support the offense of larceny of the funds removed from the account, counsel cite *United States v. Ridley*, 22 M.J. 697 (A.F.C.M.R.1986). In *Ridley*, we noted that a military judge is not required to advise an accused during the providence inquiry concerning a defense in the absence of a clear indication that the particular defense might be an issue. 22 M.J., at 699. However, that observation has no bearing on the appellant's situation. The issue of the appellant's intent was not related to a matter of affirmative defense. An intent permanently to deprive the owner of the use and benefit of property is an essential element of the offense of larceny. M.C.M., Pt. IV, paragraph 46b(1)(d) (1984). As with all such elements, it must be objectively supported on the record through the factual circumstances revealed by the accused. *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). *But see*, Judge Cox's concurring opinion in *United States v. Penister*, 25 M.J. 148, 153 (C.M.A.1987), for

an indication that there might be a future move away from the strict requirements of *Davenport.* Be that as it may, the record before us does not establish that the appellant entertained the requisite intent to steal the full amount of the funds he removed from the account.

While it might appear to be safe for us to assume from the documentary evidence introduced at trial that the appellant withdrew at least an amount in excess of $100.00 from the account while he was engaged in larceny as opposed to wrongful appropriation, an inference concerning amounts cannot clearly be drawn from his responses during the providence inquiry. It is not possible to determine precisely when the appellant's professed intent changed from one consistent with larceny to one of wrongful appropriation. Credit union records indicate that the appellant withdrew less than $100.00 on the first date of the period alleged. The next day he withdrew $180.00. Subsequent withdrawals were for the most part in at least $100.00 amounts. While common sense might well lead us to conclude that he stole over $100.00, the providence inquiry should leave no room for guesswork. If we were to conclude from this record that he did, in fact, steal over $100.00, we would be venturing no more than an educated, although probably accurate, guess. That is not good enough.

What the providence inquiry does reflect clearly enough is that the appellant intended to steal an unspecified portion of the funds and to wrongfully appropriate the remaining, and also unspecified, portion. The record, in other words, would support a specification of larceny of some amount and a second specification of wrongful appropriation of some amount. We decline to carve out two specifications at the appellate level from what was one specification at the trial level. *See generally, United States v. Jones,* 13 M.J. 761 (A.F.C.M.R. 1982), *pet. denied,* 14 M.J. 171 (1982), and cases cited therein. We approve a finding that the appellant stole currency of some undefined value by deleting from the Specification the words, "a total value of about $10,880.00," and substituting therefor the words, "some value."

The modified finding subjects the appellant to a substantially reduced maximum punishment. M.C.M., Pt. IV, paragraph 46e(1)(b) (1984). We reassess the sentence in light of the modified finding and approve only so much as provides for a bad conduct discharge, confinement for five months, forfeiture of $100.00 per month for five months and reduction to airman basic. We are convinced that the sentence as reassessed is appropriate for the modified finding of guilty and is no greater than would have been adjudged if the appellant had been found guilty of larceny of currency of some value at trial. The findings of guilty and the sentence, both as modified, are

AFFIRMED.

Senior Judge SESSOMS and Judge MICHALSKI concur.