**UNITED STATES, Appellee,**

v.

**Sergeant First Class Henry BYERS, Jr., 439–88–1761, United States Army, Appellant.**

**ACMR 9101023.**

U.S. Army Court of Military Review.

27 March 1992.

Reconsideration Denied 13 April 1992.

For Appellant: Captain Michael E. Smith, JAGC (argued), Captain James M. Heaton, JAGC (on brief).

For Appellee: Captain Marcus A. Brinks, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before NAUGHTON, HOWELL and JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of willful disobedience of a superior commissioned officer and wrongful use of cocaine in violation of Articles 90 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 890 and 912a (Supp. V 1987) [hereinafter UCMJ]. The approved sentence included a bad-conduct discharge, confinement for thirty days, and reduction to Private E1.

Although the appellant has raised several errors both through counsel and personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), only one of the errors needs to be addressed. In this case the accused was charged in pertinent part under Article 90, UCMJ, with willful disobedience of "a lawful command from Lieutenant General Richard G. Graves," to not operate a privately owned vehicle on Fort Hood for two years. The appellant was stopped by military police on Fort Hood while operating his vehicle during the two-year period. General Graves referred the disobedience and cocaine offenses to a general court-martial convened under his authority. The appellant contends that General Graves was an accuser within the meaning of Article 1(9), UCMJ, 10 U.S.C. § 801(9), and was disqualified by operation of Article 22(b), UCMJ, 10 U.S.C. § 822(b), from convening the court-martial. We agree.

Article 22(a), UCMJ, provides in pertinent part that "[g]eneral courts-martial

*may* be convened by—[nine named persons and commanders in certain designated positions]." (Emphasis added). Article 22(b), UCMJ, specifies that "[i]f any such commanding officer is an accuser, the court *shall* be convened by superior competent authority, . . ." (Emphasis added).

Article 1(9), UCMJ, defines an "accuser" as "a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn to by another, *and any other person who has an interest other than official interest in the prosecution of the accused.*" (Emphasis added). The Court of Military Appeals has stated that the test for determining whether a convening authority is an accused under the third category of Article 1(9), UCMJ, is whether he was "so closely connected to the offense that a reasonable person would conclude that he had a personal interest in the matter." *United States v. Reed,* 2 M.J. 64, 68 (C.M.A.1976).

The case at bar involves a violation of Article 90, UCMJ, willfully disobeying a superior commissioned officer. A violation of Article 90, UCMJ, connotes an "intentional defiance of authority, and necessarily an affront to the power and prestige of the source of the order." *United States v. Teel,* 15 C.M.R. 39 (C.M.A.1954).

We are satisfied that General Graves did not act from improper motives in convening the general court-martial or in referring the accused's case to trial. We are convinced, however, that an officer who seeks to enforce his own order by convening a court-martial for an offense charged under Article 90, UCMJ, is so closely connected to the offense that a reasonable person could conclude that he has a personal interest in the matter.[1] Thus, General Graves is an "accuser" within the meaning of Article 1(9), UCMJ.

As an "accuser" in this case, General Graves' discretionary authority under Article 22(a), UCMJ, that he *may* convene a general court-martial, was withdrawn by operation of law as enunciated in Article 22(b), UCMJ. ("[T]he court-martial *shall* be convened by superior competent authority, . . .") (Emphasis added).

■ Having concluded that General Graves lacked the statutory authority to convene the appellant's general court-martial, we must now examine the effect of that error.[2]

Over one hundred years ago the Supreme Court noted that "[a] court-martial organized under the laws of the United States is a court of special and limited jurisdiction" that is called into existence for a special purpose. *Runkle v. United States,* 122 U.S. 543, 555, 7 S.Ct. 1141, 1145, 30 L.Ed. 1167 (1887). Fifteen years later the Court stated that "[a] court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction." *McClaughry v. Deming,* 186 U.S. 49, 62, 22 S.Ct. 786, 791, 46 L.Ed. 1049 (1902).

In *United States v. Durham,* 35 C.M.R. 451, 453 (C.M.A.1965), the Court of Military Appeals explicitly followed *Runkle* and *McClaughry* when it stated:

> We reiterate these principles to emphasize the exacting requirements necessary to creation and maintenance of a valid military tribunal, with the authority to hear and dispense of criminal cases. It is absolutely essential to existence of

---

1. *See United States v. Marsh,* 11 C.M.R. 48, 52 (C.M.A.1953) (when an accused was charged under Article 90, UCMJ, with willful disobedience of the commanding general's order, that officer was an accuser within the meaning of Article 1(9), UCMJ, and lacked authority under Article 22(b), UCMJ, to convene the court-martial); *United States v. Corcoran,* 17 M.J. 137 (C.M.A.1984); *United States v. Trahan,* 11 M.J. 566 (A.F.C.M.R.1981). Under circumstances similar to this case, the convening authority was not disqualified when the offense was charged under Article 92, UCMJ, 10 U.S.C. § 892. *See*

*United States v. Teel,* 15 C.M.R. 39 (C.M.A.1954). The issue could have been avoided in the case at bar by charging the appellant under Article 92, UCMJ.

2. A court-martial is created by a convening order of the convening authority. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 504(a) [hereinafter R.C.M.]. The court-martial must be convened by an official empowered to convene it. *See* R.C.M. 201(b)(1).

such judicial power that there be statutory authority to appoint the court; ...

Applying these considerations to the case at bar, we conclude that jurisdictional error was committed because General Graves, as an accuser, lacked statutory authority to convene the appellant's general court-martial.[3] The attempt to convene the court-martial was without force and effect.[4]

For the foregoing reasons, the proceedings, findings, and sentence are invalid and the same are hereby declared void. Another trial in accordance with Rule for Courts–Martial 810 may be ordered by a different convening authority.

---

**3.** The jurisdictional error involving an accuser as a convening authority must be carefully distinguished from those situations involving lawfully convened courts that may be subject to unlawful command influence. *See United States v. Hardy,* 4 M.J. 20 (C.M.A.1977) (court-martial convened by general court-martial convening authority has jurisdiction in spite of improper withdrawal from special court-martial), as modified by *United States v. Blaylock,* 15 M.J. 190 (C.M.A.1983) (no jurisdictional defect even with unlawful command influence in violation of Article 37, UCMJ, 10 U.S.C. § 837); *United States v. Ridley,* 22 M.J. 43 (C.M.A.1986) (disqualification under Article 23(b), UCMJ, 10 U.S.C. § 823(b), not jurisdictional when convening authority may have been subject to unlawful command influence from an accuser who was superior in rank). Unfortunately, the factual distinction between the accuser and unlawful command influence lines of cases has been blurred. The Court of Military Appeals recognized the distinction early in its history, and has ruled accordingly. *See United States v. Gordon,* 2 C.M.R. 161, 163 (C.M.A. 1952) (convening authority lacks authority to appoint court-martial).

**4.** In addition to the lack of statutory authority that is the basis for this opinion, we note that several provisions of the Manual for Courts Martial, United States, 1984, address the issue. *See* R.C.M. 504(c)(1) and 601(c) (the convening authority, as an accuser, may neither convene a general court-martial for the trial of the person accused, nor refer charges to a general court-martial). *See also* R.C.M. 307(a), discussion (a person who has been the accuser or nominal accuser within the meaning of Article 1(9), UCMJ, may not serve as the convening authority of a general court-martial to which the charges are later referred).