UNITED STATES, Appellee

v.

Demian B. SHINER, Data Processing Technician Seaman Recruit, U.S. Navy, Appellant.

No. 93–0663.
CMR No. 92 1439.

U.S. Court of Military Appeals.

Argued April 5, 1994.

Decided Aug. 19, 1994.

For Appellant: *Lieutenant James Douglas*, JAGC, USNR (argued); *Colonel Eugene A. Ritti*, USMCR, and *Lieutenant Commander Helen B. Thompson*, JAGC, USNR (on brief).

For Appellee: *Major Laura L. Scudder*, USMC (argued); *Colonel T.G. Hess*, USMC and *Captain J.F. O'Connor*, USMC (on brief); *Commander S.A. Stallings*, JAGC, USN.

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of multiple offenses, including willful disobedience of the order of a commissioned officer, in violation of Article 90, Uniform Code of Military Justice, 10 USC § 890. The approved sentence provides for a bad-conduct discharge, confinement for 60 days, and forfeiture of $200.00 pay per month for 3 months. The Court of Military Review affirmed the findings and sentence in an unpublished opinion.

This Court granted review of the following issue:

WHETHER THE COURT–MARTIAL WAS WITHOUT JURISDICTION BECAUSE THE CONVENING AUTHORITY WAS AN ACCUSER AND WAS DISQUALIFIED FROM CONVENING THE COURT–MARTIAL.

Appellant was given a memorandum signed by the ship's captain, advising him that he did not have liberty and was not permitted to leave the ship. The record does not reflect whether the memorandum was addressed personally to appellant or was merely a roster of personnel showing who had liberty and who did not.

Appellant decided to ignore his liberty status, and he "walked off the ship." Based on this conduct, he was charged under Article 90 with willful disobedience of the captain's order. He pleaded guilty in accordance with a pretrial agreement.

At trial appellant did not contest the authority of the ship's captain to convene the court-martial. Appellant asserted for the

first time before the Court of Military Review that the convening authority was disqualified because he was the accuser, since it was his order that appellant willfully disobeyed. Government counsel argue that the memorandum was an impersonal administrative act and that, absent a personal interest in the outcome of the prosecution, the ship's captain was not disqualified as convening authority. Appellant does not contest the providence of his pleas of guilty to willful disobedience.

Article 1(9), UCMJ, 10 USC § 801(9), defines an "accuser" as "a person who signs and swears to charges, any person who directs that charges nominally be signed and sworn to by another, and *any other person who has an interest other than an official interest in the prosecution of the accused.*" (Emphasis added.) Because appellant's offense includes an element of "willful defiance" of his captain's order, he argues that the captain, who later convened the court-martial, had "an interest other than an official interest" in prosecuting appellant. *See* para. 14c(2)(f), Part IV, Manual for Courts-Martial, United States, 1984.

The Courts of Military Review have treated disqualification of a convening authority differently. The Navy–Marine Corps Court of Military Review has treated it as a statutory but nonjurisdictional error which must be tested for prejudice. The Army and Air Force Courts have treated it as jurisdictional. *Compare United States v. Allen*, 31 MJ 572 (NMCMR 1990), *with United States v. Byers*, 34 MJ 923 (ACMR), *set aside*, 37 MJ 73 (CMA 1992) (summary disposition); and *United States v. Shelton*, 26 MJ 787 (AFCMR 1988).

Article 23(a), UCMJ, 10 USC § 823(a), prescribes who may convene special courts-martial. Article 23(b) provides that if an officer described in Article 23(a) "is an accuser, the court shall be convened by superior competent authority, and may in any case be convened by such authority if considered advisable by him." The statute does not expressly say that the accuser is ineligible to convene the court-martial.

In *United States v. Jeter*, 35 MJ 442 (CMA 1992), a majority of this Court concluded that the convening authority was an accuser, that the error was nonjurisdictional, and that the accused waived the error by failing to raise the issue at his court-martial. The summary reversal of the Court of Military Review decision in *Byers* was based on our holding in *Jeter*.

In *United States v. Ridley*, 22 MJ 43 (1986), this Court addressed a situation in which the accuser was superior in rank and position to the convening authority. RCM 504(c)(2), Manual, *supra*, which prohibited an officer junior to the accuser from convening the court-martial, was promulgated after Ridley was tried in 1983, *see* 18 MJ 806 (AFCMR 1984). The purpose of RCM 502(c)(2) is "to avoid any suspicion that ... the convening authority was merely doing the bidding of a senior officer who had preferred charges." 22 MJ at 47. This Court held in *Ridley* that the disqualification in Article 23(b) was not jurisdictional. *Id.* at 48. The Court of Military Review cited *Ridley* in its *Allen* decision, 31 MJ at 584, and in its decision in appellant's case, unpub. op. at 2.

In his concurring opinion to the decision of the court below regarding appellant's case, Senior Judge Freyer suggested that *Ridley* is inconsistent with earlier precedents of the Supreme Court and this Court. Unpub. op. at 3. After reviewing the applicable precedents, we disagree.

In *United States v. LaGrange*, 1 USCMA 342, 3 CMR 76 (1952), this Court held that a court-martial convened by an officer junior to the accuser "was not authorized to try the two accused." 1 USCMA at 346, 3 CMR at 80. In *United States v. Corcoran*, 17 MJ 137 (CMA 1984), this Court cited *LaGrange* to support its holding that "the court was improperly convened in the first instance." 17 MJ at 139. Neither case expressly says that the error is jurisdictional.

In the area of ineligible members, this Court has held that it is a waivable, nonjurisdictional error for ineligible members to sit.

*See United States v. Wilson,* 21 MJ 193 (1986), and cases cited at 21 MJ at 196.

In *McClaughry v. Deming,* 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902), the Supreme Court granted habeas corpus relief to a captain in the Volunteer Army of the United States who was tried by a court-martial composed of Regular Army officers, who were not eligible under Article of War 77 "to try the officers or soldiers of other forces." *Id.* at 51, 22 S.Ct. at 787. The Supreme Court held that "the court was illegally constituted, in violation of law, and that it had no jurisdiction...." 186 U.S. at 69, 22 S.Ct. at 794. The Supreme Court's decision is not inconsistent with *Ridley* and *Jeter.* The Supreme Court turned its decision on the language of Article of War 77, which provided: "Officers of the Regular Army shall not be *competent* to sit on courts-martial to try the officers or soldiers of other forces...." 186 U.S. at 51, 22 S.Ct. at 787 (emphasis added). By comparison, Article 23(b) does not expressly declare that an accuser "shall not be competent" to convene courts-martial. ·

Given the sparse record before us, we cannot determine whether the captain became personally involved with appellant to the extent that he became an accuser. Assuming, *arguendo,* that the captain became an accuser, we hold that the failure of the captain to forward the charges to the next higher level of command was a nonjurisdictional error, which was waived by appellant's failure to raise it at his court-martial. *See United States v. Gay,* 24 MJ 304, 306 (CMA 1987) (sparse record due to defense failure to raise issue). There was no plain error.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX and CRAWFORD concur.

WISS, Judge (concurring in part and in the result):

I agree with the majority opinion except for its disposition of the granted issue based on waiver. As I noted in my separate opinion in *United State v. Jeter,* 35 MJ 442, 448 (1992), this Court did not invoke waiver in *United States v. Ridley,* 22 MJ 43 (CMA 1986), which was the controlling case on the substantive issue in *Jeter.* Neither did the Court rely on waiver in *United States v. Corcoran,* 17 MJ 137 (CMA 1984); although the opinion there did not indicate whether the defense at trial had objected to the convening authority as an accuser, the phrasing of the granted issue (that is, "WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED ...," instead of "WHETHER THE MILITARY JUDGE ERRED ...") suggests that it did not. Indeed, there may be sound reasons for suggesting that this Court not recognize waiver where an issue involves a claimed improper use of power or authority by a high-ranking military officer.

Accordingly, as I did in *Jeter,* I prefer to follow the route here that has been charted by our precedent and, instead, test this nonjurisdictional error for prejudice. *See* Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). Appellant has alleged none, and I find none; so I join the majority in affirming the decision below.